CLYDE SPAIN
v.
MOSQUITO CONTROL BOARD
No. 2008-CA-0515.
Court of Appeal of Louisiana, Fourth Circuit.
November 19, 2008.
NOT DESIGNATED FOR PUBLICATION
PIUS A. OBIOHA, Law Offices of Pius A. Obioha & Associates, LLC, Counsel for Plaintiff/Appellant Clyde Spain.
PENYA MOSES-FIELDS, City Attorney, NOLAN P. LAMBERT, Chief Deputy City Attorney, VICTOR L. PAPAI, JR., Assistant City Attorney, BENJAMIN D. SIMPSON, Law Clerk, Counsel for Defendant/Appellee Mosquito Control Board.
Court composed of Judge JONES, Judge MURRAY, Judge McKAY, III.
PATRICIA RIVET MURRAY, Judge
Plaintiff Clyde Spain appeals the ruling of the New Orleans Civil Service Commission ["the Commission"] upholding the termination of his employment by the New Orleans Mosquito and Termite Control Board ["the appointing authority"]. For the reasons that follow, we affirm.

FACTS AND PROCEEDINGS BELOW
Mr. Spain began working for the City of New Orleans in 1977. In 1999, he attained the position of Mosquito Control Inspector IV, with permanent status.
On the morning of March 31, 2004, upon arriving to work, Mr. Spain and a fellow employee, Mark Russell, had a physical altercation in the parking lot stemming from a dispute over assigned parking spaces. On April 13, 2004, Mr. Spain was suspended for sixty days pending an investigation of the incident.[1] On May 11, 2004, the appointing authority sent Mr. Spain a letter summoning him to a pre-disciplinary meeting to discuss the March 31st incident involving his having threatened or attempted bodily harm to a coworker; the letter also informed Mr. Spain that he would be allowed to present information in mitigation of the charges against him at this meeting. Following the meeting, the appointing authority on May 21, 2004 sent Mr. Spain a letter terminating his employment based upon the March 31st incident and Mr. Spain's "history of conflicts" with his coworkers and supervisors, citing specifically two incidents in 2002.
Mr. Spain appealed his termination to the Commission. At the initial hearing, on July 8, 2004, the hearing officer stopped receiving testimony at a certain point and suspended the proceedings because of the appointing authority's failure to prove it had satisfied the due process requirements of Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487 (1985), by providing Mr. Spain with notice and a pre-termination hearing. After the Commission granted the appointing authority's motion to reopen the case, the hearing was resumed on September 7, 2004. At this hearing, the appointing authority produced its May 11th letter to Mr. Spain informing him of the pre-disciplinary meeting, as well as other evidence, which together satisfied the hearing officer that the Loudermill requirements had been met. The parties resumed presenting evidence on the merits, but did not conclude by the end of the day, so the hearing officer rescheduled the matter for June 7, 2005. The hearing was then continued several times and was concluded on June 14, 2006.[2] On October 23, 2007, the Commission rendered a written decision denying Mr. Spain's appeal. The Commission found that the appointing authority had established by a preponderance of the evidence that it had terminated Mr. Spain for cause and that this punishment was commensurate with his violation.

ISSUES
On appeal, Mr. Spain argues that the Commission erred by determining that the Loudermill due process requirements were followed and by finding that he was properly terminated for cause.

APPLICABLE LAW
An employer cannot subject an employee who has gained permanent status in the classified city civil service to disciplinary action except for cause expressed in writing. La. Const. Art. X, § 8(A); Walters v. Department of Police, 454 So.2d 106, 112 (La. 1984). The employee may appeal from such a disciplinary action to the Commission. Id. The Commission has a duty to decide independently from the facts presented whether the appointing authority had good and lawful cause for taking the disciplinary action and, if so, whether the punishment imposed was commensurate with the dereliction. Id. at 113. Legal cause exists whenever the employee's conduct impairs the efficiency of the public service in which the employee is engaged. Cittadino v. Department of Police, 558 So.2d 1311, 1315 (La. App. 4th Cir. 1990). The appointing authority bears the burden of proving by a preponderance of the evidence that the conduct complained of occurred and that the conduct impaired the efficiency of the public service. Id. The appointing authority must also prove that the actions complained of bore a real and substantial relationship to the efficient operation of the public service. Id.
In civil service disciplinary cases, the appellate court has a multifaceted standard of review. First, as in other civil matters, deference must be given to the factual findings made by the Commission, which should not be disturbed unless manifestly erroneous or clearly wrong. Second, in evaluating the Commission's determination as to whether the disciplinary action is both based on legal cause and commensurate with the infraction, the appellate court should not modify the Commission's order unless it is arbitrary, capricious, or characterized by an abuse of discretion. Bannister v. Department of Streets, 95-404, p.8 (La. 1/16/96), 666 So.2d 641, 647 (citations omitted).

DISCUSSION
The appellant first argues that the Commission erred by determining that the May 11, 2004 letter and the May 18, 2004 meeting satisfied the Loudermill requirements regarding notice and a pre-termination hearing. We disagree.
Mr. Spain testified that he received the letter on May 14, 2004. The letter, produced in evidence, informs Mr. Spain of the charges against him, namely "threatening or attempting bodily harm to... a coworker," gives the name of the coworker involved as well as the date of the incident upon which the charges are based, and finally, notes that Mr. Spain will be allowed to present information in mitigation of these charges at the meeting scheduled on May 18, 2004. In his testimony before the Commission, Mr. Spain admitted that he received the letter on May 14, that he attended the meeting, and that during the meeting he was afforded the opportunity to present his side of the story. With regard to the incident, Mr. Spain did not deny having pushed Mr. Russell, whom Mr. Spain believed was standing too close to him during their verbal argument.
In Loudermill, the United States Supreme Court recognized "the need for some form of pre-termination hearing" for public employees facing discharge. 470 U.S. at 542, 105 S.Ct. at 1493. The Court specifically noted that "some opportunity for the employee to present his side of the case is recurringly of obvious value in reaching an accurate decision" as "[d]ismissals for cause .. .often involve factual disputes." Id. at 543, 105 S.Ct. at 1494. However, the Court further stated that the pre-termination "hearing," though necessary, need not be elaborate, and that the formality and procedural requisites for the hearing can vary. Id. Noting that "something less" than a full evidentiary hearing is required, the Court held:
[T]he pretermination hearing need not definitively resolve the propriety of the discharge. It should be an initial check against mistaken decisionsessentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action.
The essential requirements of due process...are notice and an opportunity to respond...The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of employer's evidence, and an opportunity to present his side of the story. To require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee.
Id. at 545-546, 105 S.Ct. at 1495 (citations omitted).
Considering this law, we agree with the Commission's determination that the May 18th meeting qualifies as a pretermination hearing for which Mr. Spain was provided adequate notice under Loudermill. We therefore reject the appellant's contention that his right to due process was violated.
The appellant also contends that the Commission erred by terminating him for cause. The appellant does not cite any specific facts in support of this argument.[3] However, our examination of the record convinces us that the appointing authority met its burden of proof in the instant case. The appointing authority presented evidence that the Mosquito and Termite Control Board's Disciplinary Policy Handbook lists an employee's "threatening or attempting bodily harm to the public, a supervisor or a co-worker" as an offense that justifies termination. In addition, the appointing authority presented evidence and testimony indicating that Mr. Spain's termination was based upon a policy of implementing progressive discipline. In support of its action, the appointing authority proved that Mr. Spain had been disciplined twice in 2002, receiving a letter of reprimand and a one-day suspension arising out of separate incidents in which Mr. Spain was charged with inappropriate, discourteous behavior. Assistant Director (of the Mosquito and Termite Control Board) Mike Carroll testified that in the first incident, on February 26, 2002, Mr. Spain had thrown a temper tantrum outside Mr. Carroll's office because Mr. Carroll had questioned him about whether he had recorded more overtime than he had actually worked. In the second incident, during an air show on October 27, 2002, Mr. Spain had engaged in a verbal confrontation with another supervisor, Mr. Riedl, who had taken a cigarette away from Mr. Spain to prevent him from smoking in an area designated as a fire hazard.
Based on this evidence, coupled with the evidence concerning the physical altercation between Mr. Spain and Mr. Russell on March 31, 2004, we conclude that the appointing authority established by a preponderance of the evidence that Mr. Spain's conduct impaired the efficiency of the public service, that Mr. Spain was properly terminated for cause, and that his punishment was commensurate with his infraction.

CONCLUSION
Accordingly, for the reasons stated, we affirm the decision of the Commission dismissing Mr. Spain's appeal.
AFFIRMED
NOTES
[1] Mr. Russell was also suspended and subsequently chose to retire prior to the imposition of any further disciplinary action.
[2] The delay was partially due to the aftereffects of Hurricane Katrina, which struck the city on August 29, 2005.
[3] The basis of the appellant's argument appears to be a contemporaneous decision of the "Louisiana State Appeals Tribunal" with regard to his entitlement to unemployment benefits, but any such proceeding is not a part of this record and is irrelevant to our decision in the instant case.